UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

GARY L. HAKALA,

    Plaintiff,

v. : CIVIL NO. 3:CV-09-0833

SUPERINTENDENT KLEM, et al., : (Judge Kosik)

    Defendants.

# MEMORANDUM

## I. Introduction

Presently before the court is a civil rights complaint pursuant to 42 U.S.C. § 1983 filed by Gary L. Hakala, an inmate currently confined at the State Correctional Institution at Fayette, Pennsylvania. The complaint, originally filed in the Eastern District of Pennsylvania and transferred here in May of 2009, alleges that eight (8) Defendants violated the Eighth Amendment of the United States Constitution by subjecting Plaintiff to cruel and unusual punishment. Pending is a motion for judgment on the pleadings filed by five (5) of the Defendants. (Doc. 15.) The motion is ripe for consideration and, for the reasons that follow, will be granted.

## II. Background

On December 4, 2006, Plaintiff received two (2) money orders, each in the

amount of $500.00, from Cecelia Piaggisi, the sister of fellow inmate David Rowkowsky. Piaggisi used an alias name when she sent the money orders. On April 20, 2007, Plaintiff alleges he was attacked by Rowkowsky while in the main yard at the SCI-Mahanoy. He claims that without provocation, he was punched and stabbed in the head. Following the attack, he was taken to the prison medical department by a correctional officer. Nurse Rita called 911, and Plaintiff was transported to an outside hospital. Plaintiff claims that prior to being taken to the hospital, Defendant Gavin came in to the medical department and stated "[w]e know David Rowkowsky did this, and that your wife is coming to see you this weekend to bring drugs into this institution; and we are going to bust her!" (Id. at 4.) After transport to the Lehigh Hospital, Plaintiff received sutures for the massive lacerations in his neck and head, and was kept overnight for observation.

Upon his return to SCI-Mahanoy, Plaintiff was placed in Medical Lockdown for two (2) days. He claims he received Misconduct #A-797285 for "Inmate on Inmate Assault." He was next transferred to the Restricted Housing Unit where he explained the details of the assault to Lieutenant Brought. He claims that Brought denied him a phone call to notify his family of the events that had occurred.

The remainder of the complaint goes on to detail Plaintiff's alleged attempts to pursue grievances with respect to the assault issue. He claims that on April 23, 2007, he submitted an Inmate Request to Defendant Klem complaining that someone had

2

tried to kill him, and blaming the staff for failure to protect him by taking actions to curb the assault. He claims that Klem failed to respond to the request. (Id. at 5.)

Plaintiff states that he thereafter filed a grievance with Defendant Ed Martin on April 24, 2007, with respect to the assault. On April 30, 2007, Plaintiff states he was escorted to Security where he was interviewed by Defendant Datchko, who questioned him with respect to a conspiracy involving the smuggling of drugs into the institution. It was at this time that Datchko informed Plaintiff he had previously been given permission by Deputy Secretary Stickman to read and monitor Plaintiff's mail in connection with a drug conspiracy investigation taking place at SCI-Mahanoy. Datchko further informed Plaintiff "that he knew David Rowkowsky was the one who assaulted him and that Plaintiff had received two (2) 500 dollars in Money Orders from Rowkowsky's sister." (Id. at 5.)

As a result of the drug investigation, Plaintiff states he was issued Misconduct # A-894801, and charged with the unauthorized use of the mail or telephone, lying to an employee and criminal conspiracy. The misconduct was signed by Datchko.

On May 7, 2007, Plaintiff received a disciplinary hearing before Donald Jones, who found him guilty of unauthorized use of the mail or telephone, and lying to an employee. Plaintiff was sanctioned to 180 days of disciplinary confinement.

Plaintiff alleges he submitted an Inmate Request to Defendant Martin on May 29, 2007, explaining that he had not received a response to the previous grievance he

3

had filed. Martin informed Plaintiff that (1) he had never received a grievance from him and (2) because Plaintiff was in administrative custody, Martin could not address any grievance questions per DC-ADM 802.

On the same date, Plaintiff states he submitted an Inmate Request to Defendant Chmielewski stating that he had filed a grievance about the assault, but that Martin failed to respond to it. (Id. at 6.) On June 1, 2007, Chmielewski informed Plaintiff that he would forward his request to Martin for review.

On June 6, 2007, Plaintiff submitted another Inmate Request to Martin. Martin failed to respond to the request. On June 8, 2007, another grievance was filed with Martin. In the grievance, Plaintiff argued that his grievance should not be deemed untimely due to the past actions of the prison staff. According to Plaintiff, Martin failed to respond to this grievance as well.

On June 19, 2007, Plaintiff submitted an Inmate Request to Defendant Klem. He explained to Klem that two earlier grievances had been submitted to staff, but went unanswered. Klem failed to respond to the Inmate Request. On the same date, Plaintiff had a review before the Program Review Committee which consisted of Defendant Chmielewski and staff members Griffin and Cudwadie. They informed Plaintiff that he had been approved for a separation transfer from SCI-Mahanoy as a result of the assault. A request by Plaintiff to be removed from disciplinary custody pending his transfer was denied.

In July of 2007, Martin left employment with SCI-Mahanoy, and Defendant Mason was hired as the grievance coordinator. On August 3, 2007, Plaintiff submitted an Inmate Request to Mason asking for his help with regard to the grievance situation. (Id. at 7.) Mason responded on August 7, 2007, stating that according to records, a grievance had been filed by Plaintiff on 7/27/07, but that it had subsequently been rejected. She further informed Plaintiff that there was no record of any misconduct filed against Plaintiff involving the assault, and referred Plaintiff to the Security Office. Plaintiff took issue with Mason's response, arguing that he had filed two (2) grievances, one on April 24, 2007, and the other on June 8, 2007. On August 7, 2007, Plaintiff submitted another Inmate Request to Mason trying to explain these facts. She responded on August 9, 2007, stating there were no records to support Plaintiff's concerns.

As a result, Plaintiff states he filed a third grievance - #197282, on August 13, 2007. In the grievance he complained that staff at SCI-Mahanoy had placed his life in danger, and failed in their duty to prevent the assault. On August 16, 2007, grievance #197282 was rejected as untimely, as it was not submitted within fifteen (15) working days after the events upon which the claims in the grievance were based.

On August 19, 2007, Plaintiff states he filed a timely appeal to Defendant

Kerestes, who had replaced Superintendent Klem.[1] Kerestes responded on August 22, 2007, upholding the rejection of the grievance, stating that Plaintiff had failed to comply with DC-ADM 804. Plaintiff pursued an appeal to the Chief Secretary. On November 4, 2007, his appeal was dismissed, concluding that Plaintiff should have contacted the Grievance Coordinator at SCI-Mahanoy to inquire about the status of his grievances and inmate requests. The dismissal was signed by Defendant Varner, Acting Chief Grievance Officer. Plaintiff contends that he did contact the grievance officer throughout his attempts to address the assault issue, but that staff failed to respond.

On August 27, 2007, Plaintiff was transferred to SCI-Graterford, where he claims he made further attempts to pursue the assault issue. Although he filed a formal complaint with the Pennsylvania State Police, no action was taken. He also filed a private criminal complaint with the District Attorney's Office, and was told that the State Police had already investigated the incident.

In the instant complaint, Plaintiff seeks declaratory, compensatory and punitive relief due to the actions of Klem, Kerestes, Gavin, Martin, Mason, Datchko, Chmielewski and Varner. He claims Defendants failed to protect him from a known risk of excessive harm thereby subjecting him to cruel and unusual punishment in

---

[1] In the complaint, Plaintiff states that Kerestes had replaced "Superintendent Hakala" but clearly this is a typographical error, and Plaintiff intended to say Superintendent Klem. (Id. at ¶ 46.)

6

violation of the Eighth Amendment. Presently pending is a motion for judgment on the pleadings filed on behalf of Defendants Kerestes, Martin, Chmielewski, Mason and Varner, five (5) of the eight (8) named Defendants. (Doc. 15.) The motion is ripe for consideration. For the reasons that follow, the motion will be granted.

### III. Standard

Pursuant to Federal Rule of Civil Procedure 12(c), once the pleadings are closed, but within such time as to not delay trial, a party may move for judgment on the pleadings. The standard of review for a motion for judgment on the pleadings is identical to that of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Turbe v. Gov't of Virgin Islands, 938 F.2d 427, 428, (3d Cir. 1991); Cannon v. United States, 322 F. Supp.2d 636, 636 (W.D. Pa. 2004); Regalbuto v. City of Philadelphia, 937 F. Supp. 374, 376-77 (E.D. Pa. 1995). The only difference is that on a motion for judgment on the pleadings, the court reviews not only the complaint, but also the answer and written instruments attached to the pleadings. 2 Moore's Federal Practice Civil § 12.38 (2004). If matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment, and disposed of as provided in Fed. R. Civ. P. 56.

Just as required by a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the court must accept as true the factual allegations in the complaint, and construe any inferences to be drawn from the allegations in Plaintiff's favor. See Kanter v. Barella,

7

489 F.3d 170, 177 (3d Cir. 2007)(quoting Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005)). "The assumption of truth does not apply, however, to legal conclusions couched as factual allegations or to '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" Marangos v. Swett, No. 08-4146, 2009 WL 1803264 (3d Cir. June 25, 2009)(citing Ashcroft v. Iqbal, ___ U.S. ___, ___, 129 S. Ct. 1937, 1949-50 (2009). The complaint must contain enough "facts to state a claim to relief that is plausible on its face" Iqbal, 129 S. Ct. at 1949 (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)), and the factual allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (internal citations omitted); accord Iqbal, 129 S. Ct. at 1953. The facts pled must offer more "than an unadorned, the defendant-unlawfully-harmed-me accusation." Id., 120 S. Ct. at 1949 (internal quotations and citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct at 1949 (citing Twombly, 550 U.S. at 556). Further, a district court should provide leave to amend "when amendment could cure the deficiency and would not be inequitable." Grayson v. Mayview State Hospital, 293 F.3d 103, 106 (3d Cir. 2002).

IV. **Discussion**

In this action Plaintiff alleges that eight (8) Defendants failed to protect him

8

from the assault by fellow inmate David Rowkowsky on April 20, 2007, in violation of his Eighth Amendment rights. Defendants Kerestes, Martin, Chmielewski, Mason and Varner move for judgment on the pleadings on the basis that the complaint is void of any allegations against them rising to the level of cruel and unusual punishment. They maintain that the only claims set forth against them are with respect to their failure to respond to grievances and their denial of misconduct appeals, all occurring after the incident took place.

Reviewing the complaint in a light most favorable to Plaintiff, he alleges that Defendant Martin improperly handled and/or failed to respond to grievances he filed following the incident. (Doc. 1, Compl., ¶¶ 25-26, 30-33.) Plaintiff claims he submitted an Inmate Request to Defendant Chmielewski, and that Chmielewski informed him the request was being forwarded to Defendant Martin for review. (Id. ¶ 29.) Plaintiff also speaks of Chmielewski in the context of his role on the Program Review Committee, and the review conducted two months after the assault. (Id. ¶¶ 36-38.) Defendant Mason, who took over the job of Grievance Coordinator after Defendant Martin retired, is alleged to have improperly handled and/or failed to respond to grievances Plaintiff filed. Again, all of these allegations are with respect to events occurring after the assault incident. (Id. ¶¶ 39-43.) Defendant Kerestes, who replaced Superintendent Klem, is alleged to have improperly denied Plaintiff's misconduct appeal, an appeal filed on August 19, 2007, four (4) months after the

9

assault incident. (Id. ¶¶ 46-47.) Defendant Varner is also alleged to have improperly denied Plaintiff's misconduct appeal, a final appeal with respect to the above-referenced appeal denied by Kerestes. (Id. ¶ 49.)

To state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege that the defendant, while acting under color of state law, deprived him of a right, privilege or immunity secured by the Constitution or by the laws of the United States. West v. Atkins, 487 U.S. 42, 48 (1988). A prerequisite for a viable civil rights claim is that the defendant directed, or knew of and acquiesced in, the deprivation of the plaintiff's constitutional rights. See Rode v. Dellarciprete, 845 F.2d 1195, 1207-08 (3d Cir. 1988). The plaintiff must allege that the defendant was personally involved in the events or occurrences that underlie the claim.

To establish a claim for an Eighth Amendment violation under § 1983, a plaintiff must show (1) the deprivations sustained by the prisoner are sufficiently serious under an objective standard; and (2) prison officials acted with deliberate, subjective indifference to the prisoner's health or safety. Wilson v. Seiter, 501 U.S. 294, 298 (1991). Only "extreme deprivations" are sufficient to make out an Eighth Amendment claim. Hudson v. McMillan, 503 U.S. 1, 9 (1992). Therefore, only those deprivations denying the "minimal civilized measure of life's necessities," including food, shelter, water, safety, sanitary conditions, and medical treatment, qualify as sufficiently grave to form the basis of an Eighth Amendment violation. Rhodes v.

10

Chapman, 452 U.S. 337 346 (1981).

In reviewing the pleadings, it is clear that the claims raised against the five (5) moving Defendants are exclusively related to their failure to respond to grievances or inmate requests, or the denial of a misconduct appeal filed by Plaintiff. These types of actions, even if true, do not rise to the level of inhuman treatment necessary to state a claim under the Eighth Amendment.

It is well-established that inmates have no constitutionally protected right to a grievance procedure. Jones v. North Carolina Prisoners' Labor Union, Inc., 433 U.S. 119, 137-38 (1977). While inmates do have a constitutional right to seek redress of their grievances from the Commonwealth, that right is the right of access to the courts. See Flick v. Alba, 932 F.2d 728, 729 (8th Cir. 1991). Because the Constitution does not create an entitlement to a grievance procedure, the failure to favorably address, respond to and/or investigate a grievance, as well as the denial of a grievance appeal do not implicate a constitutional right. See Bailey v. Palakovich, No. 4:CV-06-1640, 2007 WL 1450698, at 3-4 (M.D. Pa. 2007).

In his opposition brief Plaintiff does not appear to dispute that any challenges to moving Defendants' handling of his inmate requests, grievances or misconduct appeals are entitled to judgment on the pleadings. Rather, he merely sets forth general conclusions that Defendants placed him in danger of the assault, thereby violating his Eighth Amendment rights. His general assertions are not supported by any facts set

11

forth in the complaint, and he does not indicate that he is able to set forth any facts in an amended complaint that would support such assertions. As such, there is no need to allow amendment in this action as any such amendment would appear to be futile. All of Plaintiff's references to the moving Defendants are with respect to activity which took place after the assault. He sets forth no allegations even remotely supporting an inference that any of the moving Defendants had any knowledge of or ability to intervene in preventing the assault. All of their involvement was with respect to inmate requests, grievances and misconduct appeals well after the assault. In fact, some of the moving Defendants were not even at SCI-Mahanoy at the time of the assault.

For all of the above reasons, the motion for judgment on the pleadings filed on behalf of Defendants Kerestes, Martin, Chmielewski, Mason and Varner will be granted, and judgment will be entered in their favor at the conclusion of this action. This action will proceed against the remaining Defendants in this matter - Defendants Klem, Gavin and Datchko. Deadlines with respect to conducting discovery and the filing of dispositive motions will be imposed by the court. An appropriate Order is attached.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

GARY L. HAKALA,

    Plaintiff,

v.                          CIVIL NO. 3:CV-09-0833

SUPERINTENDENT KLEM, et al.,    (Judge Kosik)

    Defendants.

## ORDER

**NOW, THIS** 18th **DAY OF NOVEMBER, 2009,** in accordance with the attached Memorandum, **IT IS HEREBY ORDERED AS FOLLOWS:**

1. The Motion for Judgment on the Pleadings filed on behalf of Defendants Kerestes, Martin, Chmielewski, Mason, and Varner (Doc. 15) is **granted**. The Clerk of Court will be directed to enter judgment in favor of said Defendants at the conclusion of this case. The remaining Defendants in this action are Defendants Klem, Gavin and Datchko.

2. All discovery shall be completed in this action within sixty (60) days from the date of this Order. Any dispositive motions shall be filed by the parties within thirty (30) days from the close of discovery.

*[signature]*
EDWIN M. KOSIK
United States District Judge